BRYAN SCHWARTZ LAW
Bryan Schwartz (SBN 209903)
Cassidy Clark (SBN 335523)
180 Grand Avenue, Suite 1380
Oakland, California 94612
Telephone:    (510) 444-9300
Facsimile:    (510) 444-9301
Emails:    bryan@bryanschwartzlaw.com
    cassidy@bryanschwartzlaw.com

LEGAL AID AT WORK
Jinny Kim (SBN 208953)
Jared Odessky (SBN 333555)
180 Montgomery Street, Suite 600
San Francisco, California 94104
Telephone:    (415) 864-8848
Facsimile:    (415) 593-0096
Emails:    jkim@legalaidatwork.org
    jodessky@legalaidatwork.org

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually, and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> CAROL SPAHN, in her official capacity as Acting Director of the Peace Corps <br><br> *Defendant.* | Case No.: 3:21-cv-04007-LB <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE TO TRANSFER TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA; AND TO DISMISS OR STRIKE THE CLASS CLAIMS** <br><br> Hearing Date: December 2, 2021 <br> Time: 9:30 a.m. <br> Complaint Filed: May 26, 2021 <br> Judge: Honorable Laurel Beeler |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

STANDARD OF REVIEW ................................................................................................. 3

FACTUAL BACKGROUND ............................................................................................... 5

ARGUMENT ...................................................................................................................... 6

I.    This District is the Proper Venue for Plaintiff's First Amended Complaint. ................... 6

II.   Maintaining This Case in This District Best Serves the Convenience of Parties and Witnesses and the Interest of Justice. ................................................................. 10

III.  The First Amended Complaint Properly Alleges Class Claims ..................................... 15

    A.   Defendant's Arguments About the Sufficiency of Plaintiff's Factual Allegations Are Without Merit. .................................................................. 17

    B.   Plaintiff's Class Allegations Should Not be Dismissed or Stricken Because of Commonality or Typicality. ................................................... 19

        1.   The Complaint Adequately Pleads Sufficient Factual Allegations to Establish Commonality. ....................................................... 19

        2.   The Complaint Adequately Pleads Sufficient Factual Allegations to Establish Typicality. ................................................................... 20

    C.   Many Courts Have Granted Class Certification in Disability Discrimination Cases Challenging Systemic Policies and Practices. .................. 21

CONCLUSION .................................................................................................................. 24

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

## TABLE OF AUTHORITES

**Federal Cases**                                                                                     **Page(s)**

*Allstar Marketing Group, LLC v. Your Store Online, LLC*,
    666 F. Supp. 2d 1109 (C.D. Cal. 2009) ...............................................................................15

*Arete Power, Inc. v. Beacon Power Corp.*,
    No. C 07-5167 WDB, 2008 WL 508477 (N.D. Cal. 2008) .......................................................15

*Arista Records LLC v. Doe 3*,
    604 F.3d 110 (2d Cir. 2010)........................................................................................................18

*Armstrong v. Davis*,
    275 F.3d 849 (9th Cir. 2001) ......................................................................................................22

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................................................3

*Auster Oil & Gas, Inc. v. Stream*,
    764 F.2d 381 (5th Cir. 1985) .......................................................................................................4

*Baas v. Dollar Tree Stores, Inc.*,
    No. C 07-03108 JSW, 2007 WL 2462150 (N.D. Cal. Aug. 29, 2007) ....................................16

*Bates v. United Parcel Serv.*,
    204 F.R.D. 440 (N.D. Cal. 2001)........................................................................................19, 22

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................................................18

*Bristol-Myers Squibb Co. v. Superior Court*,
    137 S. Ct. 1773 (2017)................................................................................................................11

*Brooklyn Ctr. for Indep. of the Disabled v. Bloomberg*,
    290 F.R.D. 409 (S.D.N.Y. 2012) ..............................................................................................23

*Burger King Corp. v. Rsudzewicz,*
    471 U.S. 462 (1985)....................................................................................................................11

*Caluyo v. DaVita, Inc.*,
    938 F. Supp. 2d 67 (D.D.C. 2013)......................................................................................14, 15

*Cambra v. Universal Weather and Aviation LLC*,
    No. CV-20-02234-PHX-DJH, 2021 WL 4319212 (D. Ariz. Sept. 22, 2021) .........................12

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

*Career Counseling, Inc. v. Amerifactors Fin. Group, LLC*,
    No. 16cv3013, 2017 WL 4269458 (D.S.C. Sept. 26, 2017) ......................................................18

*Certain Underwriters at Lloyd's London v. Nat'l R.R. Passenger Corp.*,
    No. 14-CV-04717 (FB)(CLP), 2015 WL 1182764 (E.D.N.Y. Mar. 13, 2015) .......................14

*Citizens United v. Schneiderman*,
    882 F.3d 374 (2d Cir. 2018)....................................................................................................18

*Cole v. Asurion Corp.*,
    No. CV 06-6649 PSG, 2008 WL 5423859 (C.D. Cal. Dec. 30, 2008)...................................16

*Crist v. Republic of Turkey*,
    995 F. Supp. 5 (D.D.C. 1998)................................................................................................18

*Critters of the Cinema, Inc. v. Nestle Purina Petcare Co.*,
    No. 1:16-CV-0123 AWI JLT, 2016 WL 2990619 (E.D. Cal. May 24, 2016)........................14

*Ctr. for Biological Diversity v. Lubchenco*,
    2009 WL 4545169 (N.D. Cal. Nov. 30, 2009) ........................................................................10

*Davoll v. Webb*,
    160 F.R.D. 142 (D. Colo. 1995) .............................................................................................21

*Decker Coal Co. v. Commonwealth Edison Co.*,
    805 F.2d 834 (9th Cir. 1986) ..............................................................................................8, 11

*Doe 1 v. AOL LLC*,
    552 F.3d 1077 (9th Cir. 2009) ..................................................................................................3

*Duprey v. Connecticut Dep't of Motor Vehicles*,
    191 F.R.D. 329 (D. Conn. 2000).......................................................................................22, 23

*Dyer-Neely v. City of Chicago*,
    101 F.R.D. 83 (N.D. Ill. 1984)................................................................................................22

*Earth Island Inst. v. Quinn*,
    56 F. Supp. 3d 1110 (N.D. Cal. 2014) ...............................................................................10, 11

*Fiore v. Walden*,
    657 F.3d 838 (9th Cir. 2011) .....................................................................................................7

*Fowler v. Wells Fargo Bank, N.A.*,
    No. 10-3933-EDL, 2011 WL 175506 (N.D. Cal. Jan. 18, 2011).............................................10

*Gen. Tel. Co. of the S.W. v. Falcon*,
    457 U.S. 147 (1982).............................................................................................................2, 20

*Gilligan v. Jamco Dev. Corp.*,
    108 F.3d 246 (9th Cir. 1997) ........................................................................................4

*Goldlawr, Inc. v. Heiman*,
    369 U.S. 463 (1962)......................................................................................................3

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)....................................................................................................11

*Gresser v. Wells Fargo Bank*,
    No. C-11-06175 EDL, 2012 WL 1094338 (N.D. Cal. Mar. 9, 2012)................................11, 12

*Guckenberger v. Boston Univ.*,
    957 F. Supp. 306 (D. Mass. 1997) ...............................................................................22

*Hendricks v. StarKist Co.*,
    No. 13-cv-729 YGR, 2014 WL 1245880 (N.D. Cal. Mar. 25, 2014)....................................13

*Hendricks-Robinson v. Excel Corp.*,
    164 F.R.D. 667 (C.D. Ill. 1996)....................................................................................23

*Hibbs-Rines v. Seagate Technologies, LLC.*,
    No. C 08-05430 SI, 2009 WL 513496 (N.D. Cal. Mar. 2, 2009) ............................................16

*Hohider v. United Parcel Serv., Inc.*,
    574 F.3d 169 (3d Cir. 2009)...........................................................................................21

*In re Wal-Mart, Wage and Hour Litig.*,
    505 F. Supp. 2d 609 (N.D. Cal. 2007) ...................................................................15, 16

*Jimenez v. Allstate Ins. Co.*,
    765 F.3d 1161 (9th Cir. 2014) .....................................................................................19

*Jones v. GNC Franchising*,
    211 F.3d 495 (9th Cir. 2000) ................................................................................10, 11

*Kamm v. California City Dev. Co.*,
    509 F.2d 205 (9th Cir. 1975) .......................................................................................17

*Kennedy v. Unumprovident Corp.*,
    50 F. App'x 354 (9th Cir. 2002) ...................................................................................17

*Kwok Sze v. Pui-Ling Pang*,
    No. 1:12-cv-00619, 2014 WL 1513986 (M.D. Pa. Apr. 16, 2014)....................................9, 10

*Labriola v. Bank of America, Nat. Ass'n*,
    No. C 12-79 CW, 2012 WL 1657191 (N.D. Cal. May 10, 2012)...........................................16

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

*Lazar v. Trans Union LLC*,
　195 F.R.D. 665 (C.D. Cal. 2000).............................................................................................5

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*,
　507 U.S. 163 (1993)..................................................................................................................4

*Legal Additions LLC v. Kowalski*,
　No. C-08-2754 EMC, 2009 WL 1226957 (N.D. Cal. Apr. 30, 2009) ...................................1, 7

*Lindsey v. Admiral Ins. Co.*,
　804 F. Supp. 47 (N.D. Cal. 1992) .............................................................................................4

*Mann Bracken, LLP v. Exec. Risk Indem., Inc.*,
　No. 15cv1406, 2015 WL 5721632 (D. Md. Sept. 28, 2015) ......................................................18

*Mantolete v. Bolger*,
　767 F.2d 1416 (9th Cir. 1985) ................................................................................................21

*Martensen v. Koch*,
　942 F. Supp. 2d 983 (N.D. Cal. 2013) .....................................................................................3

*Mendez v. Gearan*,
　956 F. Supp. 1520 (N.D. Cal. 1997) ...................................................................1, 14, 22, 23

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
　521 F.3d 1097 (9th Cir. 2008) .................................................................................................4

*Meyer v. Kerry (Dep't of State)*,
　EEOC Appeal No. 0520140506 (February 19, 2015)................................................................23

*Miller v. Amazon.com Inc.*,
　No. 17-cv-3488-MMC, 2018 WL 6421868 (N.D. Cal. Dec. 6, 2018) ...................................18

*Miller v. Hambrick*,
　905 F.2d 259 (9th Cir. 1990) ...................................................................................................3

*Miranda v. Coach, Inc.*,
　No. 14-cv-02031-JD, 2015 WL 636373 (N.D. Cal. Feb. 13, 2015)........................................18

*Mitrano v. Hawes*,
　377 F.3d 402 (4th Cir. 2004) ...................................................................................................7

*Monaco v. City of Jacksonville*,
　51 F. Supp. 3d 1251 (M.D. Fla. 2014)....................................................................................23

*Moreno v. Baca*,
　No. CV007149ABC, 2000 WL 33356835 (C.D. Cal. Oct. 13, 2000) ....................................16

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

*Naton v. Bank of California*,
    72 F.R.D. 550 (N.D. Cal. 1976).................................................................................4

*Northstar Fin. Advisors Inc. v. Schwab Invs.*,
    779 F.3d 1036 (9th Cir. 2015) ..................................................................................4

*Parsons v. Ryan*,
    754 F.3d 657 (9th Cir. 2014) ..................................................................................20

*Passantino v. Johnson & Johnson Consumer Prods., Inc.*,
    212 F.3d 493 (9th Cir. 2000) ....................................................................................9

*Plexxikon Inc. v. Novartis Pharms. Corp.*,
    No. 17-cv-04405-HSG, 2017 WL 6389674 (N.D. Cal. Dec. 7, 2017) .....................13

*Rafton v. Rydex Series Funds*,
    No. C 10-1171 CRB, 2010 WL 2629579 (N.D. Cal. June 29, 2010) ......................12

*RDF Media Ltd. v. Fox Broadcasting Co.*,
    372 F. Supp. 2d 556 (C.D. Cal. 2005) .......................................................................4

*Reynolds Foil Inc. v. Pai*
    No. 3:09CV657, 2010 WL 1225620 (E.D. Va. Mar. 25, 2010) ...........................7, 8

*Rhoades v. Progressive Cas. Ins. Co.*,
    No. 2:10-cv-0763-GEB-KJN, 2011 WL 397657 (E.D. Cal. Feb. 3, 2011) .............16

*Richmond Techs., Inc. v. Aumtech Bus. Sols.*,
    No. 11-CV-02460-LHK, 2011 WL 2607158 (N.D. Cal. July 1, 2011)................3, 7

*Rodriguez v. California Highway Patrol*,
    89 F. Supp. 2d 1131 (N.D. Cal. 2000) ......................................................................7

*Rosario v. Livaditis*,
    963 F.2d 1013 (7th Cir. 1992) ................................................................................20

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ....................................................................17

*Saravia v. Sessions*,
    280 F. Supp. 3d 1168 (N.D. Cal. 2017) ....................................................................7

*Semenko v. Wendy's Int'l, Inc.*,
    No. 12cv836, 2013 WL 1568407 (W.D. Pa. 2013) .................................................22

*Serv. Women's Action Network v. Mattis*,
    320 F. Supp. 3d 1082 (N.D. Cal. 2018) ....................................................................9

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

*Silverman v. Smithkline Beecham Corp.*,
   CV 06-7272 DSF(CTx), 2007 WL 3072274 (C.D. Cal. Oct. 16, 2007)...................................16

*Sokol v. New United Motor Mfg., Inc.*,
   No. 97cv4211, 1999 WL 1136683 (N.D. Cal. Sep. 20, 1999)..........................................21, 22

*Stafford v. Briggs*,
   444 U.S. 527 (1980)..................................................................................................................6

*Stanbury Law Firm v. Internal Revenue Serv.*,
   221 F.3d 1059 (8th Cir. 2000) ................................................................................................4

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) ..............................................................................................18

*Thorpe v. Abbott Laboratories, Inc.*,
   534 F. Supp. 2d 1120 (N.D. Cal. 2008) ................................................................................16

*Thrope v. State of Ohio*,
   173 F.R.D. 483 (S.D. Ohio 1997)..........................................................................................22

*U.S. v. Redwood City*,
   640 F.2d 963 (9th Cir. 1981) ..................................................................................................4

*Uffner v. La Reunion Francaise, S.A.*,
   244 F.3d 38, 42 (1st Cir. 2001)...............................................................................................7

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)................................................................................................................21

*Ward v. Certain Underwriters at Lloyd's of London*,
   No. 18-cv-07551-JCS, 2019 WL 2076991 (N.D. Cal. May 10, 2019)....................................8

*Whitaker v. Tesla Motors, Inc.*,
   985 F.3d 1173 (9th Cir. 2021) ..............................................................................................17

*Williams v. Bowman*,
   157 F. Supp. 2d 1103 (N.D. Cal. 2001) ................................................................................10

*Wilson v. Pennsylvania State Police Dep't*,
   No. CIV.A. 94-CV-6547, 1995 WL 422750 (E.D. Pa. July 17, 1995)....................................22

*Zinser v. Accufix Research Inst., Inc.*,
   253 F.3d 1180 (9th Cir. 2001) ..............................................................................................19

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

**Federal Statutes**

28 U.S.C.
   § 1391(e) ...................................................................................................6, 9, 10, 11
   § 1391(e)(1)(A)........................................................................................................9
   § 1391(e)(1)(B) ....................................................................................................6, 9
   § 1391(e)(1)(C) .......................................................................................................9
   § 1404(a) ...................................................................................................3, 10, 15

29 U.S.C.
   § 794(a) .................................................................................................................14

Rehabilitation Act of 1973
   § 504.............................................................................................................. *passim*

**Other State Statutes**

D.C. Code
   § 13-422 ...............................................................................................................11

**Rules**

Federal Rule of Civil Procedure
   8...........................................................................................................................4
   12(b)(3) ...............................................................................................................3
   12(b)(6) ..................................................................................................3, 4, 5, 15
   12(f)...............................................................................................4, 5, 15, 17
   23........................................................................................................... *passim*
   23(a) ...................................................................................................................15
   23(a)(2) ...........................................................................................................19, 20
   23(a)(3) .............................................................................................................20
   23(b)(2) ..........................................................................................................15, 20
   23(d)(1)(D)........................................................................................................15

**Other Authorities**

3 Rubenstein, Conte & Newberg, Newberg on Class Actions § 7.22 (5th Ed.
   2021) ...............................................................................................................4, 5

7AA Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* §
   1776 (3d ed. 2019) ..............................................................................................22

Scott Dodson, *Plaintiff Personal Jurisdiction and Venue Transfer*, 117 Mich. L.
   Rev. 1463, 1466–67 (2019), *available at*
   https://repository.uchastings.edu/faculty_scholarship/1726 ..................................11

William Schwarzer, *et al.,* Federal Civil Procedure Before Trial § 9:375......................................4

**INTRODUCTION**

Plaintiff's civil rights lawsuit challenges the systemic failures of the Peace Corps's medical screening process in its treatment of invitees who apply to become Peace Corps Volunteers. Specifically, as the First Amended Complaint ("FAC") alleges, the Peace Corps has a policy and practice of discriminating against invitees on the basis of disability based on the information they disclose. As a result of the Peace Corps's policy and practice of denying Volunteer positions due to disability, hundreds of people around the country are medically disqualified each year.

At the heart of this case is the Peace Corps's centralized discriminatory medical screening policies and practices which Judge Thelton Henderson previously found unlawful in *Mendez v. Gearan*, 956 F. Supp. 1520, 1528 (N.D. Cal. 1997). Nearly 25 years later, the Peace Corps has continued its discriminatory practices against people with disabilities, and Plaintiff now challenges the Peace Corps's medical screening policies and practices on a classwide basis and should be allowed to do so in this Court.

Despite Defendant's contrary contention, venue is wholly proper in this district. While Defendant focuses on a narrow set of decisions made in Washington, D.C., courts look to "the *entire sequence* of events underlying the claim" to determine where a substantial part of the events or omissions occurred. *Legal Additions LLC v. Kowalski,* No. C-08-2754 EMC, 2009 WL 1226957, at *11 (N.D. Cal. Apr. 30, 2009) (citations omitted; emphasis added). Among the many events and omissions that took place in this district, the Peace Corps recruited Plaintiff here, encouraged her to apply here, interviewed her here, sent her invitation to join the Peace Corps here, sent her denial of medical clearance here, failed to engage her in an interactive process here, failed to contact her treating provider here, and sent her ultimate rejection here. The discrimination that Section 504 prohibits and that led to the filing of this claim was felt by Plaintiff in this district.

Defendant also does not meet its burden to show why transfer would be convenient for parties or witnesses or in the interest of justice. Plaintiff's choice of forum weighs heavily since both Plaintiff and Defendant have substantial contacts with this district and the proposed

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

transferee court lacks personal jurisdiction over Plaintiff. The convenience of this district for the Plaintiff's treating providers, both non-party witnesses in California; the Peace Corps Advisor based here; and Plaintiff, who has significant ties here and none in the transferee district, outweighs any inconvenience to party witnesses in Washington, D.C., who can testify remotely—as has become widely normalized during the COVID-19 pandemic. As this federal court previously heard a challenge to Defendant's medical clearance process, this forum is also more steeped in the applicable law, and has a strong local interest given the discriminatory events that took place here. Other factors the Court considers are either neutral or insignificant.

Moreover, Defendant's contention that the class allegations should be dismissed or stricken is wholly without merit. Defendant's arguments are a premature and futile effort to attack Plaintiff's well-pleaded complaint. Instead, the Peace Corps would like to move the Court's focus from its medical screening and clearance policy to the individuals subject to those commonly-utilized, unlawful policies and practices. Any individual distinctions among class members do not affect the common challenge to Defendant's improper, uniform manner of conducting medical screenings, which has remained unchanged since it was found unlawful by this Court more than two decades ago. Moreover, Defendant's speculation regarding whether class treatment will be appropriate based upon the pleadings alone is irreconcilable with the Court's duty to undertake a "rigorous analysis," *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 161 (1982), to determine whether the allegations satisfy Rule 23 requirements.

Plaintiff's First Amended Complaint alleges facts that are more than sufficient under applicable precedent to establish class claims. Plaintiff's First Amended Complaint alleges that the Peace Corps has systemically violated Section 504 by: publishing (and now removing) a list of "health conditions that are difficult to accommodate" in the Peace Corps including 100 medical conditions that are "typically not supported" and 100 medications that trigger medical ineligibility; applying unlawful screening guidelines to determine whether invitees are medically qualified; medically disqualifying invitees who are symptomatic of dozens of medical conditions, recently changed their medication, or who have ongoing treatment for disabilities; and failing and refusing to conduct individualized assessments and consider

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

reasonable accommodations when conducting its medical clearance process.

The foregoing type of factual and legal allegations are sufficient to establish commonality and typicality under Section 504. At this juncture of the case, without having had the opportunity to conduct discovery and to obtain the benefits of the information available thereby, Plaintiff's factual allegations are more than sufficient to satisfy their pleading burden and to defeat Defendant's motion to dismiss and motion to strike.

For these reasons, as explained in more detail below, this Court should deny Defendant's motion and allow the litigation to proceed in this Court so that the parties—and the proposed class of invitees subject to the medical clearance process—can focus on the legality of the Peace Corps's policies and practices.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to challenge a complaint for improper venue. When a court considers such a motion, "[the] pleadings need not be accepted as true, and facts outside the pleadings may be considered." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). While a plaintiff bears the burden of demonstrating that venue is proper, *Martensen v. Koch,* 942 F. Supp. 2d 983, 996 (N.D. Cal. 2013), she "need not show that [her chosen forum] has the *most* substantial relationship to the dispute . . . or that it is the 'best' venue." *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-CV-02460-LHK, 2011 WL 2607158, at *10 (N.D. Cal. July 1, 2011) (citations omitted). 28 U.S.C. § 1406(a) provides that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "Normally transfer will be in the interest of justice because . . . dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)).

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint need only contain sufficient factual allegations that, when accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

(2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008). A trial court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1042 (9th Cir. 2015) (internal quotation marks omitted).

Motions to dismiss for failure to state a claim are viewed with disfavor. *See*, *e.g.*, *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997); *U.S. v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981) (12(b)(6) dismissals proper only in "extraordinary" cases); *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 386 (5th Cir. 1985) (Rule 8's general pleading standards include "a powerful presumption against rejecting pleadings for failure to state a claim."); *Lindsey v. Admiral Ins. Co.*, 804 F. Supp. 47, 50 (N.D. Cal. 1992) ("motions to dismiss for failure to state a claim . . . are generally viewed with disfavor"). Dismissals under 12(b)(6) are particularly disfavored where the complaint alleges a violation of civil rights. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).

Rule 12(f) motions to strike are also "viewed with disfavor and are infrequently granted." *Stanbury Law Firm v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (calling striking pleadings "extreme measure"); *see also RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005) (motions to strike disapproved "because of the limited importance of pleadings in federal practice and because it is usually used as a delaying tactic") (citing William Schwarzer, *et al.,* Federal Civil Procedure Before Trial § 9:375); *Naton v. Bank of California*, 72 F.R.D. 550, 551 n.4 (N.D. Cal. 1976) (Rule 12(f) motions to strike class allegations "should not be granted unless it is clear that the matter to be stricken can have no possible bearing upon the subject matter of the litigation").

Before the extreme measure of striking plaintiffs' class allegations can be taken, defendants must convince the Court "that there are no questions of fact, that any questions of law are clear and not in dispute, and that *under no set of circumstances could the claim or defense succeed*." *RDF Media*, 372 F. Supp. 2d at 561 (emphasis added); *see also* 3 Rubenstein, Conte &

Newberg, Newberg on Class Actions § 7.22 (5th Ed. 2021) ("[T]he burden of proof on a defendant-initiated decision on class certification depends primarily on the procedural posture . . . [t]he less discovery that has occurred, the more skeptical the courts are of this 'preemptive strike' against class certification and the higher the burden borne by the defendant."). As with Rule 12(b)(6) motions to dismiss, when ruling on a Rule 12(f) motion to strike, the court must view the pleading under attack in the light most favorable to the pleader. *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000).

## FACTUAL BACKGROUND

Plaintiff brings this civil rights lawsuit to challenge the Peace Corps's systemic and ongoing failure to provide invitees with disabilities around the country with a non-discriminatory medical screening process. Plaintiff's allegations are not about individual placement determinations or reasonable accommodations, but rather challenge a deficient medical clearance process that includes policies and practices that are contrary to Section 504 of the Rehabilitation Act of 1973. These violations of law include, but are not limited to:

(1)    Defendant's publication of a list of "health conditions that are difficult to accommodate" in the Peace Corps including 100 medical conditions that are "typically not supported" and 100 medications that trigger medical ineligibility. FAC ¶ 20.

(2)    Defendant's application of unlawful screening guidelines to determine whether invitees are medically qualified. *Id.* at ¶ 23.

(3)    Medically disqualifying invitees who are symptomatic of dozens of medical conditions, recently changed their medication, or who have ongoing treatment for disabilities. *Id.* at ¶¶ 23, 42.

(4)    Defendant's failure and refusal to conduct individualized assessments for invitees with disabilities when conducting its medical clearance process. *Id.* at ¶¶ 2, 30, 39, 40.

(5)    Defendant's failure and refusal to consider reasonable accommodations for invitees with disabilities when conducting its medical clearance process. *Id.* at ¶¶

2, 25, 30, 36, 38, 40.

As the First Amended Complaint alleges, these policies and practices are systemic in nature and discriminate against people with disabilities including named Plaintiff Jane Doe. *See, e.g., id.* at ¶¶ 1, 4, 43.

Ms. Doe became interested in applying for a Peace Corps Volunteer position while she was at UC Berkeley, the all-time top producer of Peace Corps Volunteers in the United States. *Id.* at ¶ 14. Acting upon her interest, Ms. Doe met with the Peace Corps Advisor twice at the UC Berkeley Career Center. She completed her pre-selection Health History Form, corresponded with the Peace Corps Advisor, and interviewed for a Volunteer position all while she lived in Berkeley. *Id.* at ¶¶ 15-16. Ms. Doe remained in Berkeley when she was invited to join the Peace Corps, when she was initially denied clearance, when she appealed her denial, and, ultimately, when she was finally denied medical clearance. *Id.* at ¶¶ 16-18.

## ARGUMENT

### I.        This District is the Proper Venue for Plaintiff's First Amended Complaint.

Defendant asks this Court to dismiss or transfer the Complaint for improper venue. Dkt No. 47 at 7:26–12:15. Because venue is appropriate in this district, Defendant's motion should fail. The Court should maintain Plaintiff's Complaint in the Northern District of California.

Section 1391(e), the basis for venue here, is a plaintiff-friendly provision: Congress enacted it to provide plaintiffs with an "expanded choice of venue" compared to the general venue rules. *Stafford v. Briggs*, 444 U.S. 527, 534 (1980). Under § 1391(e), actions against the United States and its agencies "may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . *or* (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e) (emphasis added).

Venue is proper in the Northern District of California under § 1391(e) because "a substantial part of the events giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(e)(1)(B). A substantial part "does not require that a majority of the events have occurred in the district where suit is filed, nor does it require that the events in that district

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

predominate." *Rodriguez v. California Highway Patrol*, 89 F. Supp. 2d 1131, 1136 (N.D. Cal. 2000). Instead, "*significant* events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Richmond Techs., Inc.*, 2011 WL 2607158, at *10 (citation omitted; emphasis in original). "In determining where a 'substantial part' of the events or omissions occurred, the *entire sequence* of events underlying the claim is relevant." *Legal Additions LLC v. Kowalski,* No. C-08-2754 EMC, 2009 WL 1226957, at *11 (N.D. Cal. Apr. 30, 2009) (citing *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001)) (emphasis added); *see also Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) ("[I]n determining whether events or omissions are sufficiently substantial to support venue . . . , a court should not focus only on those matters that are in dispute or that directly led to the filing of the action."). While courts typically examine the "acts or omissions by the defendants," *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1189 (N.D. Cal. 2017) (citations omitted), the Ninth Circuit also looks to where the plaintiff suffered harm. *See Fiore v. Walden*, 657 F.3d 838, 859 (9th Cir. 2011), *withdrawn and superseded on denial of reh'g en banc*, 688 F.3d 558 (9th Cir. 2012), *rev'd on other grounds*, 571 U.S. 277 (2014).

Defendant's recitation of events and omissions skips over the entire sequence of events, focusing narrowly on a series of final decisions made in Washington, D.C. Dkt No. 47 at 9:25–10:7. Under the appropriate broader view of the facts giving rise to Plaintiff's clams, venue is wholly proper in this district.

Before Plaintiff applied to the Peace Corps, Defendant initiated significant contact with her in the Northern District of California. In *Reynolds Foil Inc. v. Pai*, the defendant made repeated contact with the plaintiff while in plaintiff's district of residence prior to breaching an agreement with the plaintiff. No. 3:09CV657, 2010 WL 1225620, at *3-4 (E.D. Va. Mar. 25, 2010). This in-district contact was sufficient for venue to lie in plaintiff's chosen forum. *Id.*

Here, the Peace Corps Advisor based in this district met with Plaintiff at the UC Berkeley Career Center, where the Advisor told her about the program and its requirements and encouraged her to apply. FAC ¶ 15. The Advisor sent follow-up emails to Plaintiff throughout Plaintiff's application process, which she reviewed at her home in Berkeley. *Id.* The Advisor and

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

Plaintiff met again in Berkeley to discuss the list of medications that the Peace Corps used to screen out invitees. *Id.* In *Reynolds Foil*, while the defendant's breach of the agreement "most directly precipitated the claim," the court determined that the events that gave rise to the claim "broadly include[d]" the defendant's contacts with the plaintiff while in the plaintiff's district of residence. *Reynolds Foil*, 2010 WL 1225620, at *7. Similarly, while Defendant's unlawful denial of Plaintiff's medical clearance precipitated Plaintiff's claim, the Peace Corps's in-district contacts with Plaintiff also gave rise to it.

Next, Plaintiff submitted her application from her home in Berkeley, and Defendant interviewed her from that location. FAC ¶ 16. When Defendant denied Plaintiff medical clearance, she appealed from her home in Berkeley. FAC ¶ 18. The location at which a plaintiff completes forms that become the basis for a dispute is where "a substantial part of the events or omissions giving rise to the claim occurred." *See Ward v. Certain Underwriters at Lloyd's of London*, No. 18-cv-07551-JCS, 2019 WL 2076991, at *5 (N.D. Cal. May 10, 2019). The medical information that Plaintiff provided in her application, interview, and appeal while in the Northern District of California led to the dispute at hand.

In addition, when the Peace Corps failed to conduct an individualized assessment of Plaintiff or consider reasonable accommodations, it engaged in omissions that, had it acted, would have occurred in this district. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) (in analogous contract law setting, courts look to where contract would have been performed if there had been no breach). As explained in the Complaint, "[t]he Peace Corps did not engage in any interactive process with Plaintiff, or contact Plaintiff's treating providers, at least one of which is located in this district, who were in the best position to evaluate her ability to serve abroad." FAC ¶ 32. Had Defendant not violated Section 504, both the individualized assessment of Plaintiff and contact with the local treating provider would have taken place in the Northern District of California.

Importantly, the Peace Corps also subjected Plaintiff to discrimination in the Northern District of California. Defendant portrays Plaintiff's receipt of the medical non-clearance decision and her ultimate rejection from the Peace Corps at her home in Berkeley as insubstantial

"contacts" that did not "give rise" to her claim. Dkt No. 47 at 10:21–12:12. Nothing could be further from the truth. Plaintiff felt the pain of discrimination when she opened the medical non-clearance decision, learning as she read it in her home that she might be denied a job she dreamed of solely because of an incomplete understanding of her disabilities. Plaintiff then courageously filed an appeal, only to feel the sting of pain again when the Peace Corps notified her at her home of her rejection. If anything gave rise to Plaintiff's claim before this Court, it was the discrimination she felt upon receipt of these denials while living in the Northern District of California. *See Serv. Women's Action Network v. Mattis*, 320 F. Supp. 3d 1082, 1087–90 (N.D. Cal. 2018) (though the government's decisions on policies concerning women in combat were made in and around the District of Columbia, the court rejected defendant's argument that no events underlying plaintiff's claims occurred in the Northern District of California because the harm of discrimination was felt in the Northern District of California); *see also Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000) (holding that a plaintiff may bring a Title VII claim where the effect of the unlawful employment practice is felt). The Peace Corps's discrimination against Plaintiff in this district and her experience of discrimination here contribute to this forum's substantial share of the events or omissions giving rise to the claim.

Defendant makes much out of the fact that "the 'venue' section of the First Amended Complaint alleges facts that appear nowhere else in the First Amended Complaint[.]" Dkt No. 47 at 10:12–13. This narrow reading overlooks a well-known convention of complaint drafting. Per common practice, Plaintiff's claim for relief "alleges and incorporates by reference" the previously stated facts *giving rise to* the claim. FAC ¶ 71.

Defendant's assertion that venue is unavailable in this district under § 1391(e)'s subsections (1)(A) and (1)(C) is irrelevant. Dkt No. 47 at 8:17–26. The venue portion of Plaintiff's First Amended Complaint did not address those subsections, FAC ¶ 12, and fulfillment of § 1391(e)(1)(B) is all that is necessary for proper venue, *see Kwok Sze v. Pui-Ling Pang*, No. 1:12-cv-00619, 2014 WL 1513986, at *5 (M.D. Pa. Apr. 16, 2014) (explaining that the options of venue based on residence and venue based on events and omissions "'are of equal

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

dignity, and . . . neither is preferred'" (citations omitted)).

While venue is proper in this district, any contrary conclusion by this Court should result in a transfer of the case to the District of Columbia, rather than a dismissal. Dismissal is typically only appropriate "where the transfer would be futile because the case would be dismissed even after transfer." *See Fowler v. Wells Fargo Bank, N.A.*, No. 10-3933-EDL, 2011 WL 175506, at *2 (N.D. Cal. Jan. 18, 2011). Since the District of Columbia *also* meets the venue requirements of § 1391(e), dismissal upon transfer would be unwarranted.

Because a substantial part of the events giving rise to the claim occurred in this district, venue properly lies here, and the Court should reject Defendant's efforts to dismiss or transfer the case on contrary grounds. However, should the Court determine that venue is improper, transfer, not dismissal, is the appropriate remedy.

## II.    Maintaining This Case in This District Best Serves the Convenience of Parties and Witnesses and the Interest of Justice.

Defendant's alternative argument for a transfer of venue rests on 28 U.S.C. § 1404(a). Section 1404(a) dictates that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Those considerations favor maintenance of the case in this district.

Transfer determinations under this statute proceed in two steps. *Ctr. for Biological Diversity v. Lubchenco*, 2009 WL 4545169, at *2 (N.D. Cal. Nov. 30, 2009). First, the Court decides whether the action "might have been brought" in the proposed transferee court. *Id.* Second, the Court commonly weighs the following factors, among others in its discretion: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) ease of access to evidence; (5) familiarity of each forum with applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); *Jones v. GNC Franchising*, 211 F.3d 495, 498–99 (9th Cir. 2000). "The party moving to transfer venue under Section 1404(a) bears the burden of

establishing the factors in favor of transfer." *Earth Island Inst. v. Quinn*, 56 F. Supp. 3d 1110, 1115 (N.D. Cal. 2014) (citation omitted).

Plaintiff does not dispute that the District of Columbia meets the venue requirements of 28 U.S.C. § 1391(e). Rather, Plaintiff contends that Defendant does not satisfy its steep burden at the second step. The factors at issue weigh against transfer in the present case.

First, Plaintiff's choice of this Court is entitled to considerable deference. A "defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Plaintiff's choice of forum is particularly weighty in the present case because the proposed transferee forum lacks personal jurisdiction over Plaintiff. While personal jurisdiction is typically a question reserved for the defendant, it is applicable to the plaintiff where, as here, the plaintiff consents to the filing forum but not to the transferee forum. *See* Scott Dodson, *Plaintiff Personal Jurisdiction and Venue Transfer*, 117 MICH. L. REV. 1463, 1466–67 (2019), *available at* https://repository.uchastings.edu/faculty_scholarship/1726. Plaintiff does not satisfy the tests for personal jurisdiction in the District of Columbia. She is not domiciled in Washington, D.C., *see* D.C. Code § 13-422, nor has she otherwise purposely availed herself of the laws of the District of Columbia, *see Burger King Corp. v. Rsudzewicz*, 471 U.S. 462, 475–76 (1985). The Peace Corps recruited her while she lived in the Northern District of California, and she applied and interviewed for the position to be located in North Macedonia while in the Northern District of California. "In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). There is no affiliation here. Since the District of Columbia lacks personal jurisdiction over Plaintiff, transferring the case there would not be in the interest of justice.

Even so, Defendant's arguments undermining plaintiff's choice fall short. First, while Plaintiff no longer resides in the Northern District of California, Plaintiff lived in this district for the entire course of events at issue. *See Gresser v. Wells Fargo Bank*, No. C-11-06175 EDL,

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

2012 WL 1094338, at *5 (N.D. Cal. Mar. 9, 2012) (using plaintiff's address during course of underlying events to justify venue decision). Second, even if class actions generally give plaintiff's choice less consideration, courts look to evidence of where other plaintiffs in the class may reside. *See id.* (comparing the number of potential plaintiffs in one district against another in deciding how heavily to weigh plaintiff's forum choice). Since UC Berkeley is the all-time top producer of Peace Corps Volunteers in the country, FAC ¶ 14, it is likely that a large number of plaintiffs reside in this district.

In addition, "even in a class action, '[i]n judging the weight to be accorded [plaintiff's] choice of forum, consideration must be given to the extent of both [plaintiff's] and the [defendants'] contacts with the forum, including those relating to [plaintiff's] cause of action[.]" *Id.* at *4 (citations omitted).

Here, not only did Plaintiff reside in this district for the entire course of events at issue, but the Peace Corps also recruited her, encouraged her to apply, interviewed her, and notified her of her invitation to join the Peace Corps and later her denial of medical clearance and rejection all in this district. FAC ¶¶ 15–17. Defendant maintains a West Regional Recruiting Office in Oakland, California, FAC ¶ 13, and a Peace Corps Advisor based in this district holds office hours at the UC Berkeley Career Center every Thursday, FAC ¶ 14. "The interests of justice do not favor allowing Defendant[], the alleged malfeasor[], to evade the consequences of [its] decision [to recruit nationwide] and, in so doing, to receive the benefit of [its] preferred forum." *See Rafton v. Rydex Series Funds*, No. C 10-1171 CRB, 2010 WL 2629579, at *3 (N.D. Cal. June 29, 2010). Thus, Plaintiff's choice of this forum is due substantial weight.

Next, Defendant's analysis of the convenience of parties demonstrates only that the District of Columbia would be convenient for the Peace Corps. Northern California would be convenient for the Peace Corps as well. After COVID-19, the legal profession is well-acquainted with conducting remote proceedings, and there is no reason why any D.C. witnesses cannot participate equally well in a case venued in Northern California. *See, e.g., Cambra v. Universal Weather and Aviation LLC*, No. CV-20-02234-PHX-DJH, 2021 WL 4319212, at *2 (D. Ariz. Sept. 22, 2021) ("[g]iven that this case, which is based on a breach of contract, will likely rely

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

heavily on documents, the Court does not find Defendant's arguments regarding the location of evidence persuasive, especially given the increased use of email and videoconferencing during the COVID-19 pandemic.").[1]

To the extent that geographic convenience remains anything but anachronistic, post-COVID-19, given the abundance of remote proceeding opportunities available, the Northern District of California is the more suitable forum. "The convenience of non-party witnesses is a more important factor than the convenience of party witnesses." *Hendricks v. StarKist Co.,* No. 13-cv-729 YGR, 2014 WL 1245880, at *3 (N.D. Cal. Mar. 25, 2014) (citation omitted). The two most important non-party witnesses in this case, Plaintiff's health care providers, are both located in California. They can provide information about whether they were contacted by the Peace Corps, as well as Plaintiff's suitability for the position.

Among party witnesses, to the extent geography remains relevant, this district is more convenient for the Peace Corps Advisor who recruited Plaintiff, discussed the medical clearance process with her, and is based here, and also for Plaintiff for the reasons addressed above. In addition, "Defendant—who shoulders the burden in this transfer motion—fails to articulate why the presence of its proffered witnesses would be necessary at trial, and why their testimony could not be obtained via discovery mechanisms, for example." *Plexxikon Inc. v. Novartis Pharms. Corp.*, No. 17-cv-04405-HSG, 2017 WL 6389674, at *4 (N.D. Cal. Dec. 7, 2017). There is also no reason why D.C. witnesses' testimony could not be elicited—at trial—via any number of remote proceedings tools now available to and commonly used by the courts. While—in the event of an in-person trial and ignoring the possibility of appearing remotely—the District of Columbia could possibly be more convenient for some party witnesses, the convenience of this district for the non-party witnesses as well as other party witnesses still favors maintenance of

---

[1] Without proof, Defendant surmises that the District of Columbia would be at least as convenient as Northern California for Plaintiff. Dkt. No. 47 at 14:4. Defendant fails to meet its burden on this issue. Plaintiff can submit supplemental proof of the comparative convenience of Northern California if the Court should seek it, but suffice it to say, the only evidence of record currently is that Plaintiff has many ties to her former residence in the Northern District of California and no ties to the District of Columbia. *See* Plaintiff's Declaration in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss, or in the Alternative, to Transfer to the U.S. District Court for the District of Columbia; and to Dismiss or Strike Class Claims ¶¶ 6-8.

this case in the Northern District of California, in light of the Peace Corps's substantial operational presence here. *See also, e.g., Certain Underwriters at Lloyd's London v. Nat'l R.R. Passenger Corp.,* No. 14-CV-04717 (FB)(CLP), 2015 WL 1182764, at *4 (E.D.N.Y. Mar. 13, 2015) (venue transfer motion denied, argument regarding defendant's convenience rejected, where defendant maintained a substantial operational presence in plaintiff's chosen district).

The ease of access to evidence factor is neutral. Even if records relating to the decision not to medically clear Plaintiff are in or near Washington, D.C., these documents are unquestionably available in electronic form. Electronic documents are easily transportable. *See Critters of the Cinema, Inc. v. Nestle Purina Petcare Co.*, No. 1:16-CV-0123 AWI JLT, 2016 WL 2990619, at *7 (E.D. Cal. May 24, 2016). Plaintiff's health care providers maintain their records in California. This factor does not favor transferring venue.

The familiarity of each forum with the applicable law warrants maintenance of the case in this Court. Both this district and the District of Columbia are well versed in questions of federal law. But this district previously heard a case challenging the Peace Corps's medical clearance process—the exact issues in this case. *See Mendez*, 956 F. Supp. at 1527–28.

Defendant asserts that the District of Columbia's experience with cases involving the federal government could weigh in its favor. Dkt No. 47 at 9:10–11. However, there are countless cases against the federal government which have been brought in Northern California. Experience with federal agency litigation confers no advantage regardless. This is not an administrative law case, but a case under Section 504, a civil rights law, applicable not only to federal agencies but also to the myriad of public and private entities that receive federal funding. 29 U.S.C. § 794(a). This district's past experience with the precise issue at hand makes it, if anything, *more* familiar with the applicable law.

This district also has the stronger local interest in deciding the case. Defendant claims an interest in the District of Columbia "because the operative events happened there." Dkt No. 47 at 15:10–11. But, as established *supra*, the operative events also happened in the Northern District of California. In addition, this Court has an interest in deciding cases involving harm that occurred in this district to current and former residents of the district. *See Caluyo v. DaVita, Inc.*,

938 F. Supp. 2d 67, 73 (D.D.C. 2013).

The Northern District's docket is congested, but so is the District Court of the District of Columbia (Plaintiff's counsel is accustomed to waiting many months, and sometimes *years* to receive orders on motions there), and this factor is "usually is not a major consideration." *Arete Power, Inc. v. Beacon Power Corp.*, No. C 07-5167 WDB, 2008 WL 508477, at *12 (N.D. Cal. 2008); s*ee also Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1134 (C.D. Cal. 2009) ("Administrative considerations such as docket congestion are given little weight in this circuit in assessing the propriety of a § 1404(a) transfer.").

For these reasons, Defendant has not met its significant burden to show that the interests of justice and convenience of the parties and witnesses favor transfer away from the venue whether Plaintiff chose to bring her action, where she suffered discrimination. The Court should maintain this case in the U.S. District Court for the Northern District of California.

**III.    The First Amended Complaint Properly Alleges Class Claims**

Defendant seeks to dismiss or strike Plaintiff's class allegations pursuant to Rule 12(b)(6) or Rule 12(f), contending that Plaintiff has not sufficiently alleged factual allegations supporting the class claims and that Plaintiff cannot show commonality and typicality. Dkt No. 47 at 15–22. Defendant does not challenge that the remaining requirements of Rule 23(a) (numerosity, adequacy and predominance) and Rule 23(b)(2) (superiority) have been adequately plead.

Rule 23(d)(1)(D) permits a court to strike class allegations "before discovery if it is apparent from the plaintiff's complaint that a class cannot be certified." On a motion to dismiss, prior to discovery and the filing of a motion for a class certification, district courts in this circuit generally deny motions to strike class allegations as premature. For example, in *In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, Wal-Mart moved to either dismiss or strike the various subclasses as not sufficiently defined. 505 F. Supp. 2d 609, 614–15 (N.D. Cal. 2007). Although Judge Hamilton agreed that the class definition was "suspicious," the Court denied Wal-Mart's motion as premature and noted:

> Wal-Mart has not answered in this case, discovery has not yet commenced and no motion for class certification has been filed. In the absence of any discovery or arguments related to class certification, the Court is not prepared to rule on propriety of the class allegations and explicitly reserves such a ruling.

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

*Id.* at 615–16; *see also Labriola v. Bank of America, Nat. Ass'n*, No. C 12-79 CW, 2012 WL 1657191, at *8 (N.D. Cal. May 10, 2012) ("[I]t is rare that class allegations are stricken at the pleading stage . . ."); *Rhoades v. Progressive Cas. Ins. Co.*, No. 2:10-cv-0763-GEB-KJN, 2011 WL 397657, at *4 (E.D. Cal. Feb. 3, 2011); *Moreno v. Baca,* No. CV007149ABC (CWx), 2000 WL 33356835, at *2 (C.D. Cal. Oct. 13, 2000) (holding that defendants' motion to strike class allegations was premature because no motion for class certification had been filed); *Hibbs-Rines v. Seagate Technologies, LLC.*, No. C 08-05430 SI, 2009 WL 513496, at *3 (N.D. Cal. Mar. 2, 2009) ("Plaintiff should at least be permitted to conduct some discovery before the Court rules on the propriety of the class allegations.").

Motions to strike class allegations are disfavored and rarely granted because courts recognize that, in granting the motion, the court is effectively bypassing the rigorous class certification analysis required by Rule 23. *See, e.g.*, *Thorpe v. Abbott Laboratories, Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008) ("Motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for the arguments [defendant] advances . . ."); *Silverman v. Smithkline Beecham Corp.,* CV 06-7272 DSF(CTx), 2007 WL 3072274, at *2 (C.D. Cal. Oct. 16, 2007). Except in rare circumstances, the proper procedural device for determining class allegations is a motion for class certification after class-related discovery has been completed. *See In re Wal-Mart*, 505 F. Supp. 2d at 614–15; *Baas v. Dollar Tree Stores, Inc.*, No. C 07-03108 JSW, 2007 WL 2462150, at *3 (N.D. Cal. Aug. 29, 2007) ("[D]iscovery has not yet commenced and Plaintiffs have not yet moved to certify their class pursuant to Rule 23. Defendant's arguments regarding the propriety of the class allegations are premature."); *Cole v. Asurion Corp.,* No. CV 06-6649 PSG (JTLx), 2008 WL 5423859, at *14 (C.D. Cal. Dec. 30, 2008).

//

//

//

//

//

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

Here, the Peace Corps has not yet served initial disclosures, filed an answer, or propounded or responded to *any* discovery. Moreover, the Peace Corps fails to meet its burden under Rule 12(f)—or even address—that there is anything redundant, immaterial, impertinent or scandalous in Plaintiff's First Amended Complaint.[2] Far from being redundant, immaterial, impertinent or scandalous, the class allegations in Plaintiff's First Amended Complaint addresses each of Rule 23's requirements. Accordingly, this Court should deny Defendant's motion to dismiss or strike in its entirety.

A.    **Defendant's Arguments About the Sufficiency of Plaintiff's Factual Allegations Are Without Merit.**

Defendant argues that Plaintiff fails to plead sufficient factual content to make her class claims plausible and that her factual allegations are "completely" conclusory. *See* Dkt. No. 47 at 17. But Plaintiff's allegations are not "threadbare," nor do they merely state conclusions. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (citation omitted).[3] To the contrary, the First Amended Complaint contains descriptions of the unlawful policies and practices of general applicability at issue, the same policies which led the Peace Corps to be held liable in this District in Judge Henderson's decision many years ago. Plaintiff's First Amended Complaint includes factual allegations as to the nature of the challenged policies and practices,

---

[2] The cases cited by Defendant in support of its assertion that class allegations may be dismissed or stricken at the pleading stage are easily distinguishable. In *Kamm v. California City Dev. Co.*, 509 F.2d 205 (9th Cir. 1975), the class allegations were dismissed for lack of superiority because a parallel state proceeding had been initiated by state officials and resulted in "[s]ignificant relief." *Id.* at 211–12. In *Kennedy v. Unumprovident Corp.*, 50 F. App'x 354 (9th Cir. 2002), the court dismissed the class allegations for lack of typicality because the named plaintiff had a different legal and remedial claim (ERISA) than other class members (ERISA and state law claims). *Id.* at 356. The *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009) case granted leave to amend and noted that because of the need for pleading with particularity and to show individual proof of reliance, both fraud and warranty claims are rarely certified and difficult to maintain on a nationwide basis. *Id.* at 991.

[3] Defendant cites to Plaintiff's class action allegations and argue that it "simply parrot[s]" applicable law. Dkt. No. 47 at 17:22–18:5. This is misleading. The *facts* that form the basis of Plaintiff's class claims are set forth in the FAC's factual allegations. FAC ¶¶ 20–43.

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

the manner in which they violate applicable law, and how those policies and practices were applied to the named Plaintiff. FAC ¶¶ 20–43. These are all specific *facts*, and Plaintiff has alleged far more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (allegations that are not "bald" or "conclusory" are "entitled to the presumption of truth").[4]

Moreover, it is flatly incorrect that "many" of the First Amended Complaint's class allegations are made "upon information and belief." *See* Dkt. No. 47 at 18:6-7. Rather, Plaintiff includes 24 paragraphs of detailed factual allegations (FAC ¶¶ 20–43), in addition to 12 paragraphs of detailed class allegations (FAC ¶¶ 44–55). Only three paragraphs are properly made "upon information and belief" (FAC ¶¶ 23, 25, 47) and pre-discovery, the information about the scope of Defendant's application of its policies remains solely within Defendant's "possession and control."[5] *See Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). That Plaintiff alleged a few facts "upon information and belief" does not make the First

---

[4] In contrast to Plaintiff's well-pleaded complaint, the allegations in the cases relied upon by Defendant are "bald" and "conclusory." *See Miranda v. Coach, Inc.,* No. 14-cv-02031-JD, 2015 WL 636373, at *2 (N.D. Cal. Feb. 13, 2015) (finding that the complaint did not specify which of the named plaintiffs actually failed to receive full regular wages and that the overtime allegation used the conditional "if" rather than stating concrete facts that the named plaintiffs actually worked overtime hours without pay); *Miller v. Amazon.com Inc.*, No. 17-c-v3488-MMC, 2018 WL 6421868, at *10 (N.D. Cal. Dec. 6, 2018) (striking class claims for commonality because plaintiff only worked for one particular staffing agency but sought to represent a number of "small, undercapitalized 'staffing agencies'" and class members may not have suffered the same injury).

[5] The cases cited by Defendant are inapposite. *See* Dkt. No. 47 at 18:15–21. *See Career Counseling, Inc. v. Amerifactors Fin. Group, LLC*, No. 16cv3013, 2017 WL 4269458, at *5 (D.S.C. Sept. 26, 2017) (finding the omitted information was squarely within the plaintiff's control); *Mann Bracken, LLP v. Exec. Risk Indem., Inc.*, No. 15cv1406, 2015 WL 5721632, at *7 (D. Md. Sept. 28, 2015) (same); *Crist v. Republic of Turkey*, 995 F. Supp. 5, 11 (D.D.C. 1998) (complaint devoid of any facts and the sole basis under which plaintiff asserts jurisdiction is made "upon information and belief"); *Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018) (finding "upon information and belief" allegation improper in *public* disclosures case where there is no reason appellants could not find at least one inadvertent publication) (emphasis in original).

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

Amended Complaint conclusory or subject to a motion to dismiss – if it did, virtually every lawsuit with a few facts alleged "upon information and belief" would be dismissed.

Taking Plaintiff's well-pleaded facts as true—as is required—Defendant cannot reasonably contend that Plaintiff failed to allege adequately that the Peace Corps's unlawful policies and practices violate Section 504. Plaintiff's allegations are more than sufficient under applicable law.

**B.      Plaintiff's Class Allegations Should Not be Dismissed or Stricken Because of Commonality or Typicality.**

Only at the class certification stage of the litigation does the burden shift to the plaintiff to demonstrate that the requirements of Rule 23 are met. *See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). When seeking class certification in this case (after completing discovery), Plaintiff will demonstrate satisfaction of Rule 23's requirements. Discovery may well affect the scope and definition of the class that Plaintiff ultimately seeks to certify. Assuming *arguendo* that Defendant's Motion is ripe regarding the sufficiency of Plaintiff's class allegations, Plaintiff has satisfied the requirements of Rule 23 with regard to commonality and typicality, the only two class action requirements challenged in Defendant's motion.

**1.      The Complaint Adequately Pleads Sufficient Factual Allegations to Establish Commonality.**

Rule 23(a)(2) requires questions of law or fact that are common to the class. The commonality requirement does not demand that every question of law and fact be common to every member of the proposed class." *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1165 (9th Cir. 2014).  Rather, commonality requires that the class share a common question, which "may center on shared legal issues with divergent factual predicates." *Id.* at 1165. The Ninth Circuit "considers the requirements for finding commonality under Rule 23(a)(2) to be 'minimal.'" *Bates v. United Parcel Serv.*, 204 F.R.D. 440, 445 (N.D. Cal. 2001) (citations omitted). This case presents numerous questions of common law and fact and more than satisfies this "minimal" requirement. *Id.*

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

Pursuant to Rules 23(a)(2) and (b)(2), Plaintiff has alleged at least eleven questions of law and fact common to the Proposed Class that predominate over any questions affecting individual members. FAC ¶ 52. Specifically, Plaintiff alleges common questions such as whether Peace Corps has a policy of: not conducting adequate individualized assessments; not engaging in an adequate interactive process; failing to consider potential reasonable accommodations at all; failing to consider reasonable accommodations according to site location; failing to conduct an undue hardship analysis as to any reasonable accommodations; failing to conduct a direct threat analysis; and, whether the Peace Corps's myriad failures violate Section 504. *Id.* The common issue of class members' exclusion from the opportunities available to those without disabilities predominates over any other question of law or fact.

Based on the foregoing, there are numerous issues of both law and fact common to the class. The common nucleus of operative fact stemming from Defendant's systemic policies and practices satisfies the test for commonality. *See, e.g.*, *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) ("A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)."). Since Plaintiff has more than adequately alleged commonality, Defendant's motion should be denied.

### 2. The Complaint Adequately Pleads Sufficient Factual Allegations to Establish Typicality.

The requirements of typicality and commonality are considered together by courts because they "tend to merge" and "serve as guideposts for determining whether . . . the named plaintiff[s'] claim[s] and the class claims are so inter-related that the interests of the class members will be fairly and adequately protected in their absence." *Falcon*, 457 U.S. at 157 n.13.

To satisfy the requirement of typicality, "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Id*. at 156 (citations omitted). "Under [Rule 23(a)(3)]'s permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *See Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014).

//

Plaintiff has suffered the same injury as a result of Defendant's course of conduct in failing or refusing to comply with Section 504 – to wit, being denied a Peace Corps Volunteer position because of her disability, and is therefore typical of the putative class. *See* FAC ¶¶ 48, 49. Here, the injuries are co-extensive. The named Plaintiff and putative class members are objects of discriminatory treatment on account of their disabilities due to Defendant's medical screening process. Injunctive relief enjoining Defendant's discriminatory policies and procedures will benefit every class member. There can be no reasonable dispute that Plaintiff has adequately pled she meets the typicality requirement. Defendant's motion should be denied in its entirety.[6]

## C.    Many Courts Have Granted Class Certification in Disability Discrimination Cases Challenging Systemic Policies and Practices.

Defendant also argues that Plaintiff's class allegations should be dismissed or stricken because "each medical clearance process and determination . . . is intensely subjective, fact-driven, and unique for every volunteer applicant." Dkt No. 47 at 19:27–20:1. The cases relied upon by Defendant do not challenge express policies and practices affecting all class members.[7]

---

[6] Defendant's reliance on *Wal-Mart Stores, Inc. v. Dukes* and its request to dismiss the class claims at this procedural juncture should be disregarded. Dkt No. 47 at 19:18–26. In *Dukes*, the Supreme Court applied the rigorous class certification analysis pursuant to Rule 23 after the parties conducted class discovery. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). *Dukes* did not address the adequacy of the plaintiff's pleadings.

[7] Defendant supports its assertions with cases decided on a Rule 23 motion which required individualized determinations regarding "qualified" individuals and reasonable accommodations. *See Mantolete v. Bolger*, 767 F.2d 1416, 1425 (9th Cir. 1985) (denying class certification because determining "whether a person is a 'qualified handicapped individual' under the law will necessitate an inquiry into the individual's medical and work history as well as an inquiry into other factors bearing on the person's fitness for a given position."); *Sokol v. New United Motor Mfg., Inc.*, No. 97cv4211, 1999 WL 1136683, at *4–6 (N.D. Cal. Sep. 20, 1999) (denying certification because of the need for individualized determinations regarding reasonable accommodations yet explicitly recognizing disability class actions where "the challenged conduct was carried out pursuant to formal written policies that were easily identifiable and uniformly applied."); *Davoll v. Webb*, 160 F.R.D. 142, 144–46 (D. Colo. 1995), *aff'd*, 194 F.3d 1116 (denying certification because of the untenable definition of a class to include members who "have or will have disabilities" which is a case-by-case determination); *Hohider v. United Parcel Serv., Inc.*, 574 F.3d 169, 186 (3d Cir. 2009) (holding that a class challenge to an informal, unwritten policy that denied accommodation to employees seeking to return to work with medical restrictions would involve individual determinations of whether class members are

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

Class actions are particularly impactful where, as here, a plaintiff can establish a common policy or practice that resolves a legal question for the class. *See* 7AA Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* §1776 (3d ed. 2019) (noting that "the class suit is a uniquely appropriate procedure in civil-rights cases, which generally involve an allegation of discrimination against a group as well as the violation of rights of particular individuals."). For this reason, this Court and many others have recognized that class certification is appropriate in disability civil rights cases where, as here, the plaintiff challenges a systemic policy, procedure or practice that had classwide impact even where those affected have individual differences. *See, e.g., Bates,* 204 F.R.D. at 445–46.[8] Contrary to Defendant's argument, these classwide policy

"qualified."); *Semenko v. Wendy's Int'l, Inc.*, No. 12cv836, 2013 WL 1568407, at *7 (W.D. Pa. 2013) (holding that commonality was not established because of the individualized determinations of a "qualified individual with a disability," essential functions, accommodations and undue hardship). Here, because each class member was hired to the Volunteer position, pending a medical clearance, their qualification for the position is beyond dispute. What is at issue is solely their disqualification based upon their disabilities, because of the Peace Corps's faulty medical clearance policies and practices. Plaintiff is not asserting any allegation that could arguably require individual proof. The Peace Corps' medical screening policies systematically ignore individualized assessments or consideration of reasonable accommodations for people with disabilities. FAC ¶¶ 2, 25, 47; *Mendez,* 956 F. Supp. at 1528.

[8] *See also, e.g., Duprey v. Connecticut Dep't of Motor Vehicles*, 191 F.R.D. 329, 333–34 (D. Conn. 2000) (certifying broad class of persons challenging surcharge for disability parking placards, and collecting seven cases in which courts in various states had certified similar class actions); Sokol, 1999 WL 1136683, at *5 ("[c]ourts have certified class actions in the ADA/Rehab Act context where the challenged conduct is a specific policy that allegedly discriminates in a broad-based manner against class members."); *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001) (affirming decision to certify class and noting that while the named plaintiffs and absent class members were varied and covered six categories of disabilities, all suffer from "the same, injurious course of conduct . . . all suffer the deprivation of services, programs, or activities" or "fail to receive the full benefit of such services."); *Guckenberger v. Boston Univ.*, 957 F. Supp. 306, 326 (D. Mass. 1997) (certifying class of students with learning disabilities and ADD because plaintiffs "are not . . . seeking to secure a specific accommodation for any particular type of learning disability. Rather, the plaintiffs assert that BU's blanket accommodations policy . . . is itself discriminatory."); *Thrope v. State of Ohio*, 173 F.R.D. 483, 488–89 (S.D. Ohio 1997) (certifying class of disabled persons challenging parking placard surcharge); *Wilson v. Pennsylvania State Police Dep't*, No. CIV.A. 94-CV-6547, 1995 WL 422750, at *4 (E.D. Pa. July 17, 1995) (certifying class of police officers denied employment pursuant to a specific departmental policy regarding vision standards); *Dyer-Neely v. City of Chicago*, 101 F.R.D. 83, 85–86 (N.D. Ill. 1984) (certifying class of past, present and future

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

challenges do not require individualized factual determinations – indeed, it is the *lack* of individualized decision-making that is at issue in this suit. *See* Dkt. No. 47 at 20.

Here, Plaintiff has defined the putative class as all class members denied Volunteer positions after being subject to Defendant's medical screening process. FAC ¶ 44. This Court will not need to engage in an individualized inquiry into whether class members are qualified or require accommodations, especially inasmuch as the First Amended Complaint does not seek damages for individual class members. Plaintiff and class members will, at most, have to show that the Peace Corps applied its medical clearance policies and procedures and denied them Volunteer positions because of it. In doing so, at the very least, the Peace Corps "regarded" them as having an impairment from a broad class of jobs working abroad. Such a showing is consistent with Judge Henderson's finding in *Mendez* that, by determining that the plaintiff was medically unfit, the Peace Corps "regarded plaintiff as having a mental impairment that substantially limited her ability to work." *Mendez*, 956 F. Supp. at 1526. The "regarded as" showing turns on Defendant's actions under its centralized medical screening policy and is susceptible to classwide proof, consistent with the requirements of Rule 23.

Other disability class actions have analyzed disability under the "regarded as" prong. *See, e.g., Hendricks-Robinson v. Excel Corp.*, 164 F.R.D. 667, 671 & n.7 (C.D. Ill. 1996) (certifying class of persons affected by medical layoff policy under "regarded as" disability theory); *Monaco v. City of Jacksonville*, 51 F. Supp. 3d 1251, 1261–62, 1276 (M.D. Fla. 2014) *aff'd,* 671 F. App'x 737 (10th Cir. 2016) (holding that employees' claims of "regarded as" disability status, which alleged that city excluded anyone whose pension physical revealed a medical issue from

police officers with 'handicaps' within the meaning of Section 504 who were denied employment because of the city's medical standards); *Brooklyn Ctr. for Indep. of the Disabled v. Bloomberg*, 290 F.R.D. 409, 418–19 (S.D.N.Y. 2012) (certifying class challenging common city policy because "alleged injuries derive from a unitary course of conduct by a single system," despite the fact that "the class members have diverse disabilities and will not all be affected by the [city's policy in] the same way."); *Meyer v. Kerry (Dep't of State),* EEOC Appeal No. 0520140506 (February 19, 2015) (refusing to reconsider its decision certifying a class of disabled Foreign Service applicants challenging the U.S. State Department's medical clearance process). In this case, Plaintiff has identified policies and practices affecting both the named Plaintiff and the putative class members. *See* FAC ¶¶ 20–43.

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike

its retirement system, "pertain to a uniform practice and . . . are capable of resolution on a class-wide basis" subsequently class-wide liability at the summary judgment stage, due to evidentiary deficiencies). In sum, as Defendant cannot prove as a matter of law that Plaintiff will fail to make her Rule 23 showings, Defendant's motion must fail.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court deny Defendant's Motion to Dismiss the First Amended Complaint or, in the Alternative to Transfer to the United States District Court for the District of Columbia; and to Dismiss or Strike the Class Claims. In the alternative, the matter should be transferred to the District of Columbia and not dismissed. In the alternative, should this Court be inclined to dismiss or strike any part of Plaintiff's allegations, Plaintiff respectfully requests leave to amend.

Dated: November 9, 2021                          Respectfully submitted,

                                                 Bryan Schwartz
                                                 Cassidy Clark
                                                 BRYAN SCHWARTZ LAW

                                                 Jinny Kim
                                                 Jared Odessky
                                                 LEGAL AID AT WORK


                          By:    /s/ Jared Odessky
                                 *Attorneys for Plaintiff*

Plaintiff's Opposition to Defendant's Motion to Dismiss, Transfer and Strike